## WOOD v. BRUNING

——

(January 13, 1930.   Opinion and Decree.)
(February 17, 1930.   Rehearing Refused.)

——

Irwin F. Williams, of New Orleans, attorney for plaintiff, appellant.

Theo. Cotonio, of New Orleans, attorney for defendant, appellee.

HIGGINS, J.   This is a suit for damages alleged to be the result of defendant's illegal seizure and selling of plaintiff's furniture and effects which were contained in the rooming house No. 850 St. Charles

street, in the city of New Orleans, on February 5, 1925. The petition alleges that plaintiff was a sub-tenant under a verbal lease of one R. J. Lepper, who leased the property from the defendant under a written lease; that she had paid all of the accrued rent to Lepper at the time of the seizure; that upon the sheriff taking charge of her furniture and effects in the premises she made affidavit claiming them; that the defendant refused to release her property and instructed the sheriff to sell it under the provisional seizure, which the defendant, owner, had taken out against Lepper and gave the sheriff a bond to protect him against any loss as a result of the sale; that plaintiff and her son intervened in the original provisional seizure suit, but their intervention was dismissed on the ground of misjoinder; and that plaintiff's furniture and effects were sold, causing her a total loss of $1,408.50, for which this suit is brought.

The defendant denied liability and that plaintiff was a sub-tenant of Lepper, but alleges that she was operating the boarding house for Lepper and herself under some partnership agreement.

There was judgment in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.

This case involves only an issue of fact, i. e., whether or not plaintiff was a sub-tenant of Lepper. The burden of proving the allegations of the petition were upon plaintiff. It appears that the fixtures and effects seized under the provisional seizure were sold by the sheriff at public sale and did not bring enough to pay the cost of the proceeding, so that the owner, defendant herein, did not realize anything in that suit.

The record convinces us that plaintiff was not a sub-tenant of Lepper, but that she was engaged in the management of the boarding house for their joint account. Since plaintiff was not a sub-tenant and the rent was unpaid by Lepper, the provisional seizure and sale were legal.

For the reasons assigned the judgment appealed from is affirmed.